UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CR0644 CAS |
| | ) | |
| CHRISTIE BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING RECONSIDERATION**
**OF ORDER OF PRETRIAL DETENTION**

This matter came before the Court on the motion of Defendant to reconsider her pretrial detention [Doc. #22], filed on October 27, 2009, in which Defendant requested a further hearing and that she be released on bond.

Defendant is charged by indictment with one count of the use of an interstate facility to attempt to entice a minor to engage in sexual activity, and one count of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2422(b) and 18 U.S.C. §2423(b), respectively. As set forth more fully in the affidavit in support of the criminal complaint that preceded the indictment, the charges are based on allegations that Defendant engaged in a relationship with a boy whom she knew was then thirteen years old; arranged through internet communications to meet him at his residence for the purpose of engaging in sexual activity with him; and did in fact appear at the residence for that purpose. Unbeknownst to Defendant, law enforcement had been alerted by the

young boy's parents to the relationship, and they arrested Defendant when she appeared at the residence.

On October 2, 2009, following Defendant's arrest on the criminal complaint, the Court held a hearing on the government's motion for pretrial detention. Neither party raised any objections to the factual information contained in the Pretrial Services Report ("PSR") dated October 1, 2009. At that time, having been advised that the state also intended to file criminal charges against Defendant, and believing that she might not be able to post any bond set by the state, Defendant waived her right to a detention hearing, with the understanding that she could file a motion for reconsideration if Defendant's status changed.

As set forth in the Supplemental PSR dated October 30, 2009, Defendant was charged on October 2, 2009 in Jefferson County, Missouri, Cause No. 09JE-CR03517, with attempted enticement of a child, statutory rape 2nd degree, and statutory sodomy 2nd degree. Although bond was initially set at $100,000, it was subsequently reduced to $10,000 cash or surety. In her motion before this Court, Defendant states that her family is in a position to meet that bond, should she be released on bond by this Court.

The Court scheduled a hearing on Defendant's motion for reconsideration for November 2, 2009. At the hearing neither party raised any objections to the information contained in the supplemental PSR. Defendant offered by way of proffer why she believed a release on bond was appropriate, and the United States opposed Defendant's request, asserting that pretrial detention was warranted. Because it was unclear whether the victim had been notified of the hearing regarding Defendant's request for release on

bond, the Court directed the government to file a notice advising whether the victim had been notified, and indicated that the Court would continue the hearing if no such notice had been provided. The government thereafter notified the Court and the parties that the victim inadvertently had not been notified of the hearing, and requested a supplemental hearing. [Doc. #28] The Court granted the government's request, and a supplemental hearing was held on November 4, 2009, at which the parents of the victim appeared and stated why they believed Defendant should remain in custody.

In support of her request for release on bond, Defendant noted her long-standing ties to the community, in Waterloo, Illinois, and that she has been a stay-at-home mother, with two teenage children who live with her and her husband and who need her at home. She also noted that she has no prior convictions or arrests, and no history of drug or alcohol abuse. Defendant offered by way of proffer that her husband remains supportive, that she has no intention of contacting the victim in this matter, and that she would abide by any conditions of release set by the Court. She also represented that her mother, who was present in the courtroom at the supplemental hearing, has property in Tennessee that she would be willing to post, with equity which Defendant believed would be sufficient to satisfy the $25,000 secured amount recommended in the PSR. In the alternative, she and her husband could post 10 percent in cash.

18 U.S.C. § 3142(g) sets forth the factors to be considered by the Court when considering the issue of detention or release on bond. These factors include the nature and circumstances of the offense charged, including whether the offense is a crime of violence; the weight of the evidence; the history and characteristics of the person,

including mental condition, employment, and family and community ties; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Because Defendant has been charged by indictment with violations of 18 U.S.C. §§ 2422 and 2423 involving a minor victim, a rebuttable presumption arises, under 18 U.S.C. §3142, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 U.S.C. §3142(e).

> "'In a presumption case such as this, a defendant bears a limited burden of production – not a burden of persuasion – to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. . . . Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'"

United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)).

Here, Defendant has asserted that the presumption is rebutted by the fact that she has no prior criminal history, has strong community ties, has a family who remains supportive, and by the fact that her mother is willing to post her property, which is believed to have equity of $25,000. Further, she has represented, through counsel, that she would comply with all conditions recommended in the PSR and would not attempt to contact the victim.

Even if the Court were to find the presumption rebutted by the Defendant's assertions, the undersigned still finds, by clear and convincing evidence, that the United

-4-

States has met its burden to establish that no condition or combination of conditions will reasonably assure the safety of other persons or the community if Defendant would be admitted to bail pending trial. Defendant is alleged to have committed very serious crimes, involving an attempt to have sexual relations with a young man she knew to be thirteen years old. Her efforts in this regard appear to have been prevented only by the fact that law enforcement officials were alerted to Defendant's efforts. And the United States has very strong evidence in support of the charges. Indeed, no defense to the charges, the first of which carries a mandatory minimum sentence of ten years, has been suggested.

That Defendant has no prior criminal history, has a supportive family, and has strong ties to the community argue in favor of release. These factors are undercut, however, by the content of Defendant's written communications to the victim, in which she stated that she loved him and wanted to marry him when he graduated from high school. These statements, if believed, suggest either a willingness on Defendant's part to abandon her ties to her family and to the community, or perhaps issues regarding her mental health. Further, no family member has offered or appears to be in a position to supervise Defendant's daily activities. As such, Defendant, who is unemployed, would be home, alone and unsupervised, on a daily basis. Although the Court could impose home detention with electronic monitoring, neither that condition, nor any other condition suggested by the Defendant or by the Pretrial Services Office, would serve to protect against Defendant attempting to contact -- or even leave with -- the victim, if she wished to do so. Moreover, this danger is exacerbated by the fact that the victim remains hurt

and confused, and at times is resentful of what has happened to the Defendant. The young victim thus remains highly vulnerable, and the Court is unaware of any conditions that would protect against the victim attempting to meet with the Defendant. Indeed, under these circumstances, were Defendant to be released, the only way properly to protect the victim would be essentially to imprison him pending the trial in this case.

In Abad, the Eighth Circuit noted , "[d]etaining adults who prey on children for the adult's sexual gratification or for the production of child pornography is ... a legitimate governmental objective." Abad, 350 F.3d at 797. Here such detention is necessary to protect against the danger to the community. See id., 350 F.3d at 798-99 (holding that district court erred in finding the defendant was not a danger to the community where the defendant, who had no prior criminal history, traveled across state lines to have sex with a 13 year old, and took pornographic photos of the girl); United States v. Music, No. 1:07-CR-21-R, 2007 WL 2067057 at *4-5 (W.D. Ky. July 16, 2007) (holding that magistrate judge erred in finding the presumption of detention had been rebutted, though the defendant had no prior criminal record, there was no allegation of forcible compulsion, and conditions of release included total home detention, electronic monitoring, and an order forbidding further contact with the victim, where the defendant was charged with having sexual relations with a girl he had reason to know was 13 years old).

Further, as stated above, here the government has strong evidence in support of its charges, which carry a substantial mandatory minimum sentence, which could increase Defendant's incentive to flee. When coupled with the statements that Defendant made to

the victim, the Court finds that the government has also met its burden to establish by the preponderance of the evidence that there is no combination of conditions that will adequately assure Defendant's appearance.

**THEREFORE, IT IS HEREBY ORDERED** that the motion of Defendant Christie Bradley to reconsider this Court's prior Order of detention [Doc. #22] be **denied**, and that Defendant continue to be detained pending trial in this cause.

**IT IS FURTHER ORDERED** that pending trial the Pretrial Services Office and the United States Marshal shall use their best efforts to make mental health counseling available to Defendant, should she desire to receive such counseling.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 9th day of November, 2009.