UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09-CR-644 CAS |
| ) | |
| CHRISTINE BRADLEY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This criminal matter is before the Court on defendant Christine Bradley's appeal to the district court of the denial of bond and motion for revocation of the detention order, pursuant to 18 U.S.C. § 3145. Defendant seeks review of the detention order issued by United States Magistrate Judge Audrey G. Fleissig on October 2, 2009, (Doc. 22) and her order denying reconsideration of the order of pretrial detention (Doc. 32). The government opposes the motion. Defendant did not file a reply and the time to do so has passed.

**Legal Standard**.

The Court reviews the detention order of the Magistrate Judge de novo, without deference to the Magistrate Judge's findings. See United States v. Koenig, 912 F.2d 1190, 1191-92 (9th Cir. 1990); see generally United States v. Maull, 773 F.2d 1479, 1481-82 (8th Cir. 1995) (en banc) (de novo review of order setting bond appropriate). Nonetheless, the Court "is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." Koenig, 912 F.2d at 1193. The Court reviews the evidence before the Magistrate Judge and makes its own independent determination whether the findings are correct. Id. If it deems appropriate, the Court may conduct its own evidentiary hearing. See id.

The Court has reviewed the entire record, including the government's motion for detention and memorandum in support thereof; the Pretrial Services Report ("PSR") and supplemental PSR dated October 1, 2009, and October 30, 2009, respectively; plaintiff's motion for reconsideration of detention; and the government's response. The Court has also listened to the recordings of the detention and supplemental detention hearings held on October 2, 2009, November 2, 2009, and November 4, 2009. The Court concludes it is not necessary to conduct an evidentiary hearing on the instant motion and denies defendant's request for a hearing. This order represents the Court's written findings of fact and written statement of the reasons for detention as contemplated in 18 U.S.C. § 3142(i)(1).

**Findings of Fact**.

Defendant was indicted on one count of the use of an interstate facility to attempt to entice a minor to engage in sexual activity, and one count of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. 2422(b) and 2423(b), respectively. The charges are based on allegations in an affidavit that defendant had a relationship with a boy, who she knew was thirteen years old; that she arranged through the Internet to meet with him at his residence for the purpose of engaging in sexual activity; and that she did in fact appear at the residence for the purpose. Defendant was unaware that the boy's parents had alerted law enforcement officials as to the relationship, and defendant was arrested when she appeared at the residence.

Following her arrest, defendant appeared before the Honorable Audrey G. Fleissig for a hearing on the government's motion for pretrial detention. Defendant did not raise any objection to the factual information contained in the PRS dated October 1, 2009. Defendant waived her right to a dentention hearing. She had been advised that the State of Missouri also intended to file criminal charges against her, and believed that she might not be able to post any bond set by the

2

state. Defendant waived the hearing with the understanding that she could file a motion for reconsideration.

On October 2, 2009, defendant was indeed charged by the State of Missouri in Jefferson County with attempted enticement of a child, statutory rape second degree, and statutory sodomy second degree. Her state bond was eventually set at $10,000 cash or surety. Defendant has stated that she would be able to meet this bond.

After the state set a $10,000 bond, defendant moved for reconsideration of the Magistrate Judge's detention order. A hearing was held on November 2, 2009. The hearing was continued because it was unclear whether the victim had been notified, and indeed no notice had been provided. A supplemental hearing was held on November 4, 2009.

At the November 4, 2009 detention hearing, neither party objected to the information contained in the supplemental PSR. Defendant offered by way of proffer why she should be released on bond. The government opposed defendant's request and argued pretrial detention was warranted. The victims parents testified at the hearing and stated why they believed defendant should remain in custody. More specifically, the mother testified that the victim was once a happy yet sensitive boy. Following defendant's arrest, the mother testified that he has become angry and sad. She also testified that the victim is hurt and confused because he believes he has true feelings for defendant, and that he remains very vulnerable.

The information contained in the PSR and the evidence adduced at the hearing shows that defendant is 39 years old and has resided in Waterloo, Illinois for the past ten years. Defendant resides with her husband of twenty years and two teenage children. Defendant graduated from Waterloo High School in 1988, and prior to her detention, she was a full-time student at Sanford Brown University. Defendant has no prior criminal record or history of substance abuse or mental

3

illness. The supplemental PSR recommended defendant be released on a $25,000 fully secured bond. The Magistrate Judge disagreed with that recommendation and ordered detention.

The defendant argues for release on bond, citing her personal history and characteristics, lack of criminal record, family support, and ties to the community. Defendant also states that if the Court were to hold a hearing, defendant's mother would testify that she is available to move into the family home and supervise defendant seven days a week, twenty-four hours a day. Defendant also states her husband would be available to supervise her as well, when he was not at work.

**Statement of Reasons for Detention**.

A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance." United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003) (emphasis in original) (citing United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985) (en banc)); see 18 U.S.C. § 3142(c), (e)-(f). A finding on either ground constitutes a sufficient basis for detention. United States v. Payne, 660 F. Supp. 288, 290-91 (E.D. Mo. 1987). Because defendant has been charged by indictment with violations of 18 U.S.C. §§ 2422 and 2423 involving a minor victim, a rebuttable presumption arises, under 18 U.S.C. §3142, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 U.S.C. §3142(e).

The Magistrate Judge concluded, based on the information contained in the PSRs and the proffers and testimony at the hearings, that the government showed by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community. The undersigned agrees with these conclusions. Although defendant has no prior

4

criminal history, the nature and circumstances of the crime charged merits detention. Defendant is alleged to have attempted to have sexual relations with a boy who she knew was thirteen years old, and it would appear only through the intervention of law enforcement were her attempts thwarted.[1] There is strong evidence to support these allegations. Although defendant states that she has a strong family ties, there is evidence of written communications to the victim in which defendant stated she loved the victim and wanted to marry him, which as the Magistrate Judge pointed out, suggests a willingness to abandon her family or mental illness. The Court also concurs that home detention or electronic monitoring would not prevent defendant from contacting the victim or even leaving with him, especially in light of the fact that he is hurt, confused, and vulnerable. These risks remain even if defendant's mother moved into the family home to monitor defendant. The Court finds the weight of the evidence favors detention because no set of conditions will reasonably assure defendant will not attempt to contact the victim, who is very vulnerable.

The Court also finds that defendant is a flight risk and this factor favors detention. Defendant is facing a charge with a minimum ten-year sentence and the government has strong evidence in support of its charges, which provides a rational motive for her to flee.

Although defendant's personal history and characteristics would, under many other circumstances, make her a likely candidate for release on bond, under the circumstances of this case her positive personal characteristics are outweighed by the danger she presents to the community and her flight potential.

---

[1] It would appear from the state charges that defendant is alleged to have had actual sexual contact with the victim.

**Conclusion**.

Upon de novo review, the undersigned agrees with the findings and conclusions of the Magistrate Judge. The government has established by clear and convincing evidence that no release condition or set of conditions for this defendant will reasonably assure the safety of the community or defendant's appearance at trial. See Kisling, 334 F.3d at 735. The Court therefore concludes that detention is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for revocation of the detention order pursuant to 18 U.S.C. § 3145 is **DENIED**. [Doc. 33]

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  10th  day of December, 2009.