UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:09-CR-644 CAS |
| CHRISTIE BRADLEY, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Government's Motion for Continuance of Trial Setting and Request that this Court Grant and Extension of Time for Defendant's Psychological Evaluation, and defendant's Motion to Continue Trial Setting. The case is set for trial on January 3, 2011, and defendant is currently committed to the Federal Detention Center, SeaTac, Washington ("FDC SeaTac"), for a period of study, in accordance with the Court's Order of August 4, 2010. For the following reasons, the motions will be granted.

**Background**

This matter was set for trial on August 23, 2010. Prior to that date, defendant filed a motion to have John S. Rabun, M.D. conduct a psychological examination on defendant at the St. Louis County Justice Center. The Court granted defendant's motion on June 30, 2010. Dr. Rabun examined defendant on July 2, 2010 and issued his written report on July 23, 2010, which concluded that he believed defendant was criminally insane at the time of the incident giving rise to the charges in this case. Defense counsel provided a copy of Dr. Rabun's report to the Government on July 27, 2010. Based upon Dr. Rabun's conclusion, defendant filed a "Notice of Intent to Rely on Defense of Insanity."

Then Government filed a motion with the Court on July 29, 2010, requesting that an additional psychological examination be conducted on defendant pursuant to 18 U.S.C. § 4242, which provides:

> Upon the filing of a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure, that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

Title 18, U.S.C. § 4242.

The Court granted the Government's motion by Order dated August 4, 2010. The Order provided that an examination be conducted and a report issued. Because of this Order, the Court issued a second Order on August 9, 2010, vacating the August 23, 2010 trial setting. The case is now set for trial on January 3, 2011.

Pursuant to the Court's Order of August 4, 2010, the United States Marshals Service transported defendant to FDC SeaTac on November 17, 2010. On November 22, 2010, the Warden of FDC SeaTac filed a letter request with the Court seeking additional time in which to conduct the examination. Specifically, the Warden requested until January 31, 2011 to complete the evaluation and to February 14, 2011 to issue the report.

**Discussion**

In its motion, the Government requests that the Warden's request for additional time be granted so that a proper evaluation of the defendant may be conducted. The Government also requests that any order issued by the Court expressly exclude from Speedy Trial computation the time period from the Order of August 4, 2010 to the date the Court receives a copy of the psychological report, pursuant to 18 U.S.C. § 3161(h)(1)(A), which provides that any "delay

resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" be excluded. In support, the Government cites United States v. McGhee, 532 F.3d 733 (8th Cir. 2008) (the period of delay between the date the trial court ordered a mental competency evaluation and the date the evaluation report was completed was excludable from the Speedy Trial Act).

The Government also requests that the Court vacate the January 3, 2011 trial setting and re-set this case for trial at some point after March 1, 2011. The Government requests that in doing so, the Speedy Trial time be tolled pursuant to 18 U.S.C. Section 3161(h)(7)(A), which provides that any period of delay shall be excluded if the judge grants such continuance on the basis of his findings that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial. Specifically, pursuant to 18 U.S.C. Section 3161(h)(7)(B), factors which the judge shall consider in determining whether to grant a continuance under Subsection A include whether the failure to grant such a continuance would result in a miscarriage of justice and whether the failure to grant such a continuance would deny the attorney for the government the reasonable time necessary for effective preparation.

In this case, the Government asserts that defendant filed a Notice of Intent to Use the Insanity defense in July 2010, and pursuant to 18 U.S.C. Section 4242, it is entitled to have a psychological examination conducted of defendant. The Government states that it timely moved for such an examination and one was ordered by the Court, but for reasons unrelated to the due diligence of the attorney for the Government, the Government does not have a report and therefore is presently unable to rebut defendant's claim of insanity. The Government states that in order to prepare effectively for trial, a trial continuance must be granted so that an evaluation can be conducted and a report prepared, and upon receipt of the report, the Government needs additional time in which to

prepare its case for trial depending upon the conclusions set forth in the report. Thus, the government concludes that denying it that time will result in a miscarriage of justice.

The defendant's motion to continue the trial setting joins in the government's motion and in addition states that denial of a continuance would lead to a miscarriage of justice for the defendant. Defendant states that she is currently being evaluated to determine her mental status at the time of the alleged offense, and because of the complexity of the case, it is unreasonable to expect adequate preparation for trial proceedings by the current setting of January 3, 2011. Defendant asserts that the ends of justice would best be served by the continuance, and the continuance would outweigh the best interest of the public and the defendant to a speedy trial. Defendant requests a sixty-day continuance.

The Court finds that the ends of justice served by a continuance of the trial in this matter outweigh the best interest of the public and the defendant in a speedy trial, for the reasons stated by the Government and the defendant in their motions for continuance. Pursuant to 18 U.S.C. Section 3161(h)(7)(B), the failure to grant such a continuance would result in a miscarriage of justice as it would deny both the attorney for the government and the attorney for the defendant the reasonable time necessary for effective preparation, and would not allow adequate time for the Government's examination of defendant's mental state at the time of the offense under 18 U.S.C. § 4242.

In addition, the period of time between August 4, 2010 when the Court issued an Order for defendant to be examined, and the date the report is received, is properly excludable under the Speedy Trial Act, because it involves proceedings to determine defendant's competency. See 18 U.S.C. § 3161(h)(1)(A) (excluding delays caused by proceedings to determine the defendant's mental competency); McGhee, 532 F.3d at 737-38. Time related to transportation of defendant to

and from FDC SeaTac for examination during this period is also excludable. See 18 U.S.C. § 3161(h)(1)(F).

Accordingly,

**IT IS HEREBY ORDERED** that the Warden of FDC SeaTac's request for additional time to evaluate defendant Christie Bradley and issue a report is **GRANTED**; the study period shall end on **January 31, 2011** and the report shall be submitted by **February 14, 2011**. [Doc. 62]

**IT IS FURTHER ORDERED** that the parties' motions to continue the trial setting are **GRANTED** and this matter is reset for jury trial on Monday, **March 7, 2011**. [Docs. 63, 64]

**IT IS FURTHER ORDERED** that the period of time from August 4, 2010 to the date the Court receives a copy of the psychological report from FDC SeaTac is excluded from the Speedy Trial computation pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (F), for the reasons set forth in this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order to Marion Feather, Warden, FDC SeaTac, 2425 S. 200th Street, P. O. Box 13901, Seattle, Washington 98198.

                                                                                 **CHARLES A. SHAW**
                                                                                 **UNITED STATES DISTRICT JUDGE**

Dated this   15th   day of December, 2010.